IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALVIN HARRISON,<br><br>    Defendant. | No. 17-CR-1045-LTS<br><br>REPORT AND RECOMMENDATION TO DENY MOTION FOR SEVERANCE OF DEFENDANTS |

## I. INTRODUCTION

This matter comes before me pursuant to Alvin Harrison's ("defendant") Motion for Severance of Defendants. (Doc. 31). Defendant "alleges prejudice to him in a joint trial because the Government is expected to 'introduce evidence of each defendant's statements in jail phone calls and visits.'" (Doc. 33, at 1). The Government filed a resistance that was untimely by one day. (Doc. 36). Nevertheless, I will, in my discretion, consider the Government's resistance.

The Honorable Leonard T. Strand, Chief United States District Court Judge, referred this motion to me for a report and recommendation. For the reasons that follow, I respectfully recommend that the Court **deny** defendant's Motion for Severance of Defendants.

## II. BACKGROUND

On September 26, 2017, the grand jury returned a three-count indictment against defendants Alvin Harrison and DeCarlos Matlock. (Doc. 3). Count One charges defendant with Sex Trafficking of Children by Force, Fraud, or Coercion between June 1, 2016, and January 11, 2017. Count Two charges defendant Matlock with the same crime, between June 1, 2016, and December 6, 2016. Count Three charges both

defendants with Conspiracy to Commit Sex Trafficking of Children by Force, Fraud, or Coercion between June 1, 2016, and January 11, 2017.

In his motion, defendant alleges he will be prejudiced because he expects "the Government will introduce evidence of each defendant's statements." (Doc. 31, at 1). Defendant does not identify the statements he references. The Government states in its resistance that "[a]t present, the statements the government intends to introduce as evidence against the defendants are self-inculpatory in nature, in other words, statements made by Mr. Matlock incriminate Mr. Matlock and do not mention or directly incriminate Mr. Harrison on their face. Likewise, statements made by Mr. Harrison incriminate Mr. Harrison, and do not mention or directly inculpate Mr. Matlock on their face." (Doc. 36-1, at 4).

### III.   ANALYSIS

It is proper to charge two or more defendants together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." FED. R. CRIM. P. 8(b). This case meets that standard, and defendant does not contend otherwise, so there is no issue of misjoinder in violation of Rule 8. Defendant argues, instead, that the joinder is prejudicial under Federal Rule of Criminal Procedure 14(a), which states in pertinent part, "If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials . . . ."

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "promote efficiency" and "play a vital role in the criminal justice system." *Id.* (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). The preference for a joint trial is "especially compelling when the defendants are charged as co-conspirators" as they are in this case. *United States v. Basile*, 109 F.3d 1304 (8th Cir. 1997). "A defendant

2

seeking severance has the heavy burden of demonstrating that the joint trial will impermissibly infringe on his right to a fair trial." *United States v. Baker*, 98 F.3d 330, 340 (8th Cir. 1996).

Defendant, relying on *Bruton v. United States*, 391 U.S. 123 (1968), argues "severance is necessary where the Government intends to introduce evidence of statements by one co-defendant inculpating another co-defendant." (Doc. 33, at 2). Defendant does not specify any particular statement made by co-defendant Matlock that would inculpate defendant. The Government provides it does not intend to introduce any such statements. (Doc. 36-1, at 4). *Bruton* is inapplicable "where one defendant's confession does not incriminate a codefendant on its face, but becomes incriminating 'only when linked with evidence later at trial.'" *United States v. Gayekpar*, 678 F.3d 629, 637 (8th Cir. 2012) (quoting *Richardson*, 481 U.S. at 208). When a defendant's pretrial statement "does not refer directly to the codefendant himself, and becomes incriminating only in combination with other evidence, the Constitution permits the normal presumption that a jury will follow an instruction to disregard the [pretrial statement] when considering a verdict for the codefendant." *Gayekpar*, 678 F.3d at 637.

Without reference to a specific facially inculpatory pretrial statement made by co-defendant Matlock, I find defendant has failed to carry his heavy burden of demonstrating that a joint trial would violate his constitutional rights under *Bruton*.

### IV. CONCLUSION

For the reasons set forth above, I respectfully recommend the Court **deny** defendant's Motion for Severance of Defendants. (Doc. 31).

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CRIM. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of

the record forming the basis for the objections. *See* FED. R. CRIM. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 29th day of January, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa