# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 17-CR-1045 |
| vs. | **ORDER** |
| ALVIN HARRISON, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before me on a Report and Recommendation (R&R) (Doc. No. 39) by Chief United States Magistrate Judge C.J. Williams on defendant Alvin Harrison's motion (Doc. No. 31) for severance of defendants. Judge Williams recommends that I deny the motion. Neither party has filed an objection to the R&R. The time for filing an objection has now expired. The background is set forth in the R&R and repeated herein only to the extent necessary. *See* Doc. No. 39 at 1-2.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion. Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.  THE R&R

Judge Williams noted that Harrison and codefendant DeCarlos Matlock were charged in a three-count indictment on September 26, 2017. Doc. No. 39 at 1 (citing Doc. No. 3). Each defendant is charged with one count of sex trafficking of children by force, fraud, or coercion between June 1, 2016, and January 11, 2017, and both are charged with conspiracy to commit sex trafficking of children by force, fraud or coercion during that same time period. *Id.* Harrison sought severance based on an expectation that the Government would introduce evidence of each defendant's statements at a joint trial that could be prejudicial to the other defendant. *Id.* at 2. Harrison did not identify any specific statements in his motion.

2

In its resistance, the Government represented that "[a]t present, the statements the government intends to introduce as evidence against the defendants are self-inculpatory in nature." *Id*. The Government explained this means "statements made by Mr. Matlock incriminate Mr. Matlock and do not mention or directly incriminate Mr. Harrison on their face. Likewise, statements made by Mr. Harrison incriminate Mr. Harrison, and do not mention or directly inculpate Mr. Matlock on their face." *Id*. (citing Doc. No. 36-1 at 4).

Judge Williams concluded that severance is not necessary under *Bruton v. United States*, 391 U.S. 123 (1968), because the Government does not intend to introduce evidence of statements by one defendant that would inculpate another defendant. *Id*. at 3. Moreover, the Eighth Circuit has held that when a defendant's pretrial statement "does not refer directly to the codefendant himself, and becomes incriminating only in combination with other evidence, the Constitution permits the normal presumption that a jury will follow an instruction to disregard the [pretrial statement] when considering a verdict for the codefendant." *Id*. (quoting *United States v. Gayekpar*, 678 F.3d 629, 637 (8th Cir. 2012)). Because Harrison did not reference a specific statement by Matlock that would incriminate Harrison, and the Government represented that it does not intend to introduce any such statements, Judge Williams concluded that Harrison failed to demonstrate that a joint trial would violate his constitutional rights. As such, he recommends I deny Harrison's motion for severance of defendants.

### IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards in concluding that the Government's intended evidence of each defendant's statements that are self-inculpatory, rather than inculpatory against his codefendant, do not present a constitutional violation under *Bruton*. I find no error—clear or otherwise—in Judge Williams' recommendation. As such, I adopt the R&R in its entirety.

3

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' report and recommendation (Doc. No. 39) without modification.

2. Pursuant to Judge Williams' recommendation, Harrison's motion (Doc. No. 31) for severance of defendants is **denied**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of February, 2018.

_____
Leonard T. Strand, Chief Judge